UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD GOODMAN, #490628,

        Petitioner,

                              CASE NO. 2:12-CV-15401
v.                             HONORABLE VICTORIA A. ROBERTS

KENNETH ROMANOWSKI,

        Respondent.
                                     /

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND HOLD HABEAS PETITION IN ABEYANCE, GRANTING RESPONDENT'S MOTION TO HOLD ORDER TO FILE ANSWER IN ABEYANCE, STAYING PROCEEDINGS, AND ADMINISTRATIVELY CLOSING CASE**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Clifford Goodman ("Petitioner") pleaded guilty to two counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b, and four counts of third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d, in the Macomb County Circuit Court. The trial court sentenced him to concurrent terms of 23 years 9 months to 60 years imprisonment on the first-degree criminal sexual conduct convictions and to concurrent terms of 10 years to 15 years imprisonment on the third-degree criminal sexual conduct convictions in 2004. In his pleadings, Petitioner raises claims concerning the trial court's denial of his motion to withdraw his plea and the validity of his maximum sentence. This matter is before the Court on Petitioner's motion to stay the proceedings and hold his habeas petition in abeyance so that he can return to state court to exhaust his remedies on additional claims concerning the effectiveness of trial and appellate counsel, as well as Respondent's motion to hold the order to file an answer in abeyance pending the resolution of this motion.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their

claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must be given an opportunity to rule upon all of Petitioner's claims before he can present those claims on habeas review. Otherwise, this Court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The Michigan Rules of Court provide a process by which Petitioner may raise his

unexhausted claims. For example, he may file a motion for relief from judgment in the state trial court pursuant to Michigan Court Rule 6.500 *et seq.,* and then appeal the trial court's decision to the state appellate courts as necessary. In fact, Petitioner states that he will seek to expand the record in state court pursuant to Michigan Court Rule 6.507 and seek to withdraw his plea. Petitioner's unexhausted claims should first be addressed to, and considered by, the Michigan courts.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id*. at 277.

In this case, Petitioner has shown the need for a stay. He wishes to pursue new claims of ineffective assistance of counsel which he states have not been fully unexhausted in the state courts. The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), may pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies. Additionally, Petitioner alleges that defense counsel was ineffective and that he has newly-discovered evidence, which may provide good cause. Lastly, the unexhausted claims do not appear to be plainly meritless and there is no evidence of intentional delay. Therefore, the Court shall hold the petition in abeyance and stay the proceedings pending Petitioner's exhaustion of state court remedies as to his additional claims.

Accordingly, the Court **GRANTS** Petitioner's motion to stay the proceedings and hold the

habeas petition in abeyance and **STAYS** the proceedings. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within 60 days of the filing date of this order by filing a motion for relief from judgment with the trial court. *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend his petition, using the same caption and case number, within 60 days of fully exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be dismissed. The Court makes no determination as to the procedural or substantive merits of Petitioner's claims. Given this determination, the Court **GRANTS** Respondent's motion to hold the order to answer in abeyance. Lastly, the Court **CLOSES** this case for administrative purposes.

    **IT IS ORDERED**.

                                                S/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: June 27, 2013

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Clifford Goodman by electronic means or U.S. Mail on June 27, 2013. <br><br> S/Carol A. Pinegar <br> Deputy Clerk |