UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CLIFFORD GOODMAN, #490628,

                Petitioner,

                                        CASE NO. 2:12-CV-15401
v.                                      HONORABLE VICTORIA A. ROBERTS

KENNETH ROMANOWSKI,

                Respondent.
_____/

## OPINION AND ORDER RE-OPENING CASE, DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

This is a habeas action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Michigan

prisoner Clifford Goodman ("Petitioner") pleaded guilty to two counts of first-degree criminal

sexual conduct, MICH. COMP. LAWS § 750.520b, and four counts of third-degree criminal sexual

conduct, MICH. COMP. LAWS § 750.520d, in the Macomb County Circuit Court.  The trial court

sentenced him to concurrent terms of 23 years 9 months to 60 years imprisonment on the first-degree

criminal sexual conduct convictions and to concurrent terms of 10 years to 15 years imprisonment

on the third-degree criminal sexual conduct convictions in 2004.  Petitioner did not timely pursue

a direct appeal in the state courts, but was appointed counsel for the purpose of seeking collateral

review.  From 2007 to 2012, Petitioner pursued state post-conviction review challenging the validity

of his plea and sentences.  The state trial court and the state appellate courts denied him relief.

Petitioner instituted this federal habeas action in December, 2012.  In his initial pleadings,

he raised claims concerning the trial court's denial of his motion to withdraw his plea and the

validity of his maximum sentence.  On June 27, 2013, upon Petitioner's request, the Court stayed

the case so that he could return to the state courts to exhaust additional claims concerning the effectiveness of trial and appellate counsel, and administratively closed this case. The stay was conditioned on Petitioner presenting his unexhausted claims to the state courts within 60 days of the Court's order and, if he was unsuccessful in the state courts, moving to re-open this case and proceed on an amended petition within 60 days after the conclusion of the state collateral proceedings.

The matter is now before the Court on Petitioner's "Motion to Re-Open the Petition" dated September 29, 2016. He seeks to reopen this case and proceed on habeas review. In support of his request, Petitioner asserts that he exhausted his claims and completed the available state court process by filing a motion for new trial with the state trial court, which was construed as a successive motion for relief from judgment and denied pursuant to Michigan Court Rule. 6.502(G). Petitioner did not file an amended habeas petition with his motion.

The Court shall now re-open the case for the limited purpose of determining whether Petitioner should be allowed to proceed on his habeas claims. Petitioner's request to proceed on his habeas petition must be denied because he failed to comply with the conditions set forth in the Court's order staying and administratively closing the case. The Court conditioned the stay on Petitioner returning to state court within 60 days of the Court's dismissal order, exhausting his claims in the state courts, and then moving to re-open this case on an amended petition containing his exhausted claims within 60 days. Petitioner did not do so. The state trial court record indicates that Petitioner did not return to the state trial court to pursue collateral review within 60 days of the Court's June 27, 2013 dismissal order. Rather, he instituted his state court collateral review proceedings in February, 2016. *See* Docket Sheet, *People v. Goodman*, No. 2003-002165-FC (Macomb Co. Cir. Ct.) (attached). After the state trial court denied relief in September, 2016, *id*.,

Petitioner moved to re-open this case within 60 days of that decision, but did not file an amended habeas petition as instructed. Given such circumstances, the Court finds that Petitioner failed to comply with the Court's June 27, 2013 order and failed to satisfy the conditions of the stay.

Accordingly, the Court **DENIES** Petitioner's request to proceed on his habeas claims. Rather, in accordance with precedent of the United States Court of Appeals for the Sixth Circuit, the Court **VACATES** the stay as of the date it was entered, June 27, 2013, and **DISMISSES** the Petition for a Writ of Habeas Corpus. *See Palmer v. Carlton*, 276 F.3d 777, 780-82 (6th Cir. 2002) ("If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed.") (internal quotation omitted). This case is now **CLOSED** for all purposes.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the merits of a habeas claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling.

Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

**IT IS SO ORDERED.**

S/Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated:  October 17, 2016